UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00534-CHL

**HARIS SEFO,**                                                                                               **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**                                                  **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court is Before the Court is the complaint (DN 1) of Plaintiff Haris Sefo ("Sefo") seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). *See* 42 U.S.C. § 405(g). On March 24, 2021, Sefo filed his fact and law summary (DN 22), and in response, on August 20, 2021, the Commissioner filed her fact and law summary (DN 27). The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 18.) Therefore, this matter is ripe for review.

**I.    BACKGROUND**

On August 10, 2017, Sefo filed an application for Disability Insurance Benefits ("DIB"). Sefo alleged that he was disabled as of March 6, 2013 due to bipolar disorder, psychosis, schizophrenia, and surgically repaired right hand. (DN 17, at PageID # 155.) On October 12, 2017, Sefo's application was denied initially, and on October 24, 2017, his claim was again denied on reconsideration. (*Id.* at 143–44, 152.) An Administrative Law Judge ("ALJ") conducted a hearing on Sefo's application on February 20, 2019. (*Id.* at 107–35.) During the hearing, the ALJ heard testimony from Sefo, who was assisted by counsel, as well as a vocational expert. (*Id.*) In a decision dated June 11, 2019, the ALJ engaged in the five-step evaluation process promulgated

by the Commissioner to determine whether an individual is disabled, and in doing so, made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2015.

2. The claimant did not engage in substantial gainful activity from the period between his alleged onset date of March 6, 2013 through his date last insured of September 30, 2015 (20 CFR 404.1571 *et seq.*).

3. Through the date of last insured, the claimant had the following severe impairments: schizophrenia, bipolar disorder, cannabis abuse, and alcohol abuse (20 CFR 404.1520(c)).

4. Through the date of last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks and maintain adequate concentration in two-hour segments for completion of simple tasks. He can frequently interact with coworkers and supervisors, but can only occasionally interact with the general public. The claimant can tolerate workplace changes and recognize hazards.

6. The claimant has no past relevant work (20 CFR 404.1565).

7. The claimant was born on February 12, 1982 and was 33 years old, which is defined as a younger individual age 18-39, on the date of last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that claimant could have performed (20 CFR 404.1569 and 404.1569a).

(*Id.* at 95–102.)

On May 29, 2020, the Appeals Council denied Sefo's request for review, at which point the ALJ's decision became the final decision of the Commissioner. (*Id.* at 79.) On July 30, 2020, Sefo timely filed this action. (DN 1.)

## II. DISCUSSION

### A. Standard of Review

The Court may review the final decision of the Commissioner; however, the Court may only consider whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" is "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see also Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the Court determines the ALJ's decision is supported by substantial evidence, the Court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes a lack of substantial evidence, even where the Commissioner's decision can be justified by the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. § 404.1520. In summary, the evaluation process proceeds as follows:

> (1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> (2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "yes," the claimant is disabled. If the answer is "no," procced to the next step.
>
> (3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.
>
> (4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> (5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

*Id.* The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden only shifts to the Commissioner at step five to prove the availability of other work in the national economy that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F. 3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Sefo's Contentions

Sefo challenges the ALJ's finding No. 5 at Step 5 of the five-step sequential evaluation process. (DN 22, at PageID # 544.) Specifically, he contends that the ALJ's RFC determination is unsupported by substantial evidence for two reasons. (DN 22-1, at PageID # 554.) First, Sefo argues that the ALJ failed to develop the record regarding his mental impairment and as a result, erroneously crafted an RFC that was not informed by medical opinion evidence. (*Id.* at 554–57.) Second, Sefo argues that the ALJ erroneously relied on her own lay interpretation of unspecified medical records without further explanation of how they supported her RFC determination. (*Id.* at 557.) The Court will consider these arguments below.

Sefo asserts that "the ALJ constructed an RFC without the benefit of any opinion evidence with respect to Plaintiff's functional limitations associated with his impairments, other than to unilaterally conclude . . . that Plaintiff was limited to performing simple, routine tasks and maintaining adequate concentration in two-hour segments." (*Id.* at 556.) In their October 2017 opinions, state agency reviewing psychological consultants found insufficient evidence to substantiate a mental disability. (DN 17, at PageID # 140, 150.) In her RFC analysis, the ALJ found, "[t]hese opinions, while supported by the presence of little information with which to make a decision, are inconsistent with subsequently provided information that demonstrates the presence of severe, but not disabling, impairments that warrant nonexertional work limitations." (*Id.* at 100.) Sefo argues that it was improper for the ALJ to assess his work limitations without support from a medical opinion, and that upon finding that all medical opinions in the record were unpersuasive, she was required to "recontact the treating source, order a consultative examination, or have a medical expert testify." (DN 22-1, at PageID # 556.) In response, the Commissioner argues that the absence of a medical source statement recommending disabling work limitations

5

supports that ALJ's conclusion that Sefo is not disabled. (DN 27, at PageID # 577.) The Commissioner asserts that Sefo has the burden of proving his alleged disability and that he was assisted by counsel throughout the administrative proceedings, yet he did not seek medical opinion evidence that would support his alleged work limitations. (*Id.* at 582–84.)

The Commissioner is correct that the claimant bears the burden of proving "the existence and severity of limitations caused by" his physical and mental impairments. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, both the regulations and case law recognize the ALJ has a duty to develop the record. 20 C.F.R. §§ 404.1512(b), 416.912(b) (2016); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (2020); *see also Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). If after reviewing the evidence on the record, the ALJ finds it to be insufficient or inconsistent, the ALJ may "determine the best way to resolve the inconsistency or insufficiency." 20 C.F.R. §§ 404.1520b(b)(2), 416.920b(b)(2) (2020). An ALJ is not bound to resolve the inconsistency or insufficiency in a particular manner, but he may take additional steps to do so, including ordering a consultative examination. 20 C.F.R. §§ 404.1520b(b)(2)(iii), 416.920b(b)(2)(iii); *see Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). While the ALJ has discretion in resolving discrepancies, substantial evidence in the record must support the residual functional capacity finding. *See, e.g.*, *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)).

In *Deskin v. Comm'r of Soc. Sec.*, the Northern District of Ohio held that an ALJ may make a "commonsense judgment about functional capacity even without a physician's assessment," but only when "the medical evidence shows relatively little [] impairment." *Id.* at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, when "making

the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Id.*; *see also Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11-12 (E.D. Ky. Feb. 6, 2019) (citing *McGranahan v. Colvin*, No. 0:14-CV-83-JMH, 2015 WL 5828098, at *3 (E.D. Ky. Oct. 1, 2015)). The *Deskin* court articulated the rule as follows:

> [W]here the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.

*Deskin*, 605 F. Supp. 2d at 912. While the Sixth Circuit has not commented on *Deskin*, significant case law in this circuit supports the principle that when the evidence of physical impairment is more than minimal, an independent determination of functional limitations by the ALJ is not supported by substantial evidence and a medical opinion is required. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828-29 (E.D. Mich. 2017) (collecting cases). However, the "*Deskin* rule" narrowly applies in only two situations: "(1) where an ALJ made an RFC determination based on no medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Branscum*, 2019 WL 475013, at *11 (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013)); *see also Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

Here, the ALJ found that Sefo "can perform simple, routine tasks and maintain adequate concentration in two-hour segments for completion of simple tasks. He can frequently interact with coworkers and supervisors, but can only occasionally interact with the general public." (DN 17, at PageID # 97.) There is no medical opinion in the record substantiating the ALJ's findings regarding the functional limitations imposed by Sefo's mental impairment. Instead, the ALJ states

7

that the limitations are supported by "subsequently provided information . . . ." (*Id.* at 100.) The ALJ does not indicate the information to which she was referring; regardless, it is clear that the ALJ relied solely on her own lay interpretation of raw medical data in reaching her conclusion. Given that the record supports the ALJ's finding of severe mental impairments, this interpretation was not a matter of commonsense judgment. Despite the lack of medical opinion evidence supporting the ALJ's RFC determination, the Commissioner argues that remand is not warranted because the ALJ imposed more restrictive work limitations than were found by any medical source, and therefore, Sefo "has not carried his burden of demonstrating that he was harmed by the ALJ's alleged error of being overly generous with the RFC she crafted." (DN 27, at PageID # 584–85.) It is true that an ALJ's RFC determination need not be based on an identical medical opinion to be supported by substantial evidence. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018). However, here, the ALJ did not merely disagree with reviewing consultants about work limitations. Rather, the consultants determined that a mental functional analysis was not necessary, whereas the ALJ found that Sefo's mental impairments were severe before making her RFC determination. *Falkosky v. Comm'r of Soc. Sec.*, No. 1:19-CV-2632, 2020 WL 5423967, at *7 (N.D. Ohio Sept. 10, 2020) (distinguishing from cases where the ALJ departed from medical opinions' functional analysis where the ALJ made an RFC determination with no RFC medical opinion in the record). "Under these circumstances, an expert medical advisor is absolutely critical to properly evaluate plaintiff's impairments, symptoms, and functional limitations." *Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *10 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted sub nom. Harris v. Colvin*, No. 15-CV-10966, 2016 WL 2848422 (E.D. Mich. May 16, 2016). Therefore, the ALJ's RFC determination is not supported by substantial evidence and the case must be remanded. In light of the remand and reason for the

8

same, the Court does not reach Sefo's argument that the ALJ's insufficient explanation of her RFC determination warrants remand.

### III. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that that the final decision of the Commissioner is **REVERSED** and that this matter is **REMANDED**, pursuant to sentence four of 42 § U.S.C. 405(g), to the Commissioner to conduct additional proceedings to remedy the above-identified defects in the original proceedings.

                                                                Colin H Lindsay, Magistrate Judge
                                                                     United States District Court

March 29, 2022
cc: Counsel of record